United States District Court
Southern District of Texas

**ENTERED**

July 31, 2026

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| FERNANDO YARED POLANCO RODRIGUEZ, Petitioner, | § § § § § | CIVIL ACTION NUMBER 4:26-cv-05567 |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| MARTIN FRINK, *et al*, Respondents. | § § | |

### ORDER ON DISMISSAL

Petitioner Fernando Yared Polanco Rodriguez filed a petition for writ of *habeas corpus* under 28 USC §2241 on July 14, 2026. Dkt 1. He asserts that his present detention violates the Due Process Clause of the Fifth Amendment and constitutes *ultra vires* detention under the Immigration and Nationality Act. Id at ¶¶25–52. As to due process, Petitioner specifically challenges the procedures employed by an immigration judge in denying bond upon finding that he presents a flight risk and danger to the community. See id at ¶22; see also Dkt 1-1 at 14–15 (order denying bond dated June 2, 2026).

The Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Dkt 4 at 2.

Pending is a motion by the Government for summary judgment. Dkt 5. It notes that Petitioner has again been denied bond by a second immigration judge. Id at 3; see also Dkt 5-2 at 2 (order denying bond dated July 17, 2026). It also argues that the petition should be denied because Petitioner failed to exhaust his administrative remedies by appealing either order denying bond to the Board of Immigration Appeals. Id at 3–4. It further argues that a

district court lacks jurisdiction to review the bond determinations of an immigration judge pursuant to 8 USC §1226(e). Id at 3–4.

Petitioner was granted opportunity to file a reply in support of his petition by July 27, 2026. See Dkt 4 at 2. He hasn't done so.

Petitioner states that his detention by immigration authorities proceeds under 8 USC §1226(a). See Dkt 1 at ¶47. As the Government notes, §1226(e) specifically prohibits a court from reviewing a decision under §1226(a) regarding denial of bond. See Dkt 5 at 3–4; see also *Bustamonte v Mukasey*, 286 F Appx 239, 240 (5th Cir 2008); *Fuentes v Lyons*, 808 F Supp 3d 733, 737 (SD Tex 2025): "[D]istrict courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond."

The Government does acknowledge that §1226(e) doesn't strip district courts of jurisdiction to review constitutional claims. Dkt 5 at 3, citing *Demore v Kim*, 538 US 510, 517 (2003). But Petitioner's purported due process claim in reality challenges the underlying *denial* of bond by reasserting arguments and evidence presented there. See Dkt 1 at ¶¶32, 42; see also Dkt 1-1 at 17–100 (evidence presented at bond hearing and criminal history). He nowhere identifies specific deficiencies in the underlying proceedings that amount to a violation of due process.

To the extent Petitioner argues *ultra vires* agency action, it encompasses assertion that his detention is governed by §1226(a), but that Respondents have instead classified him as detained under §1225(b)(2)(A). Dkt 1 at ¶¶48–49. To the contrary, the record submitted by Respondents supports their statement that "Petitioner remains in Respondents' custody, subject to detention pursuant to 8 U.S.C. § 1226(a)(1) authority." Dkt 5 at 2; see Dkt 5-1 at 1 (notice to appear, stating Petitioner as "admitted" but "removable"). And no dispute exists that he has had the requisite bond hearing. Dkt 5-2 at 2 (IJ order, determining flight risk after hearing). This forecloses argument that the subject agency acted *ultra vires* in exercising detention authority in this context.

As such, no jurisdiction exists to review the orders denying Petitioner's request for release on bond. The petition otherwise fails to show that his current detention violates the Constitution or federal law.

\* \* \*

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Fernando Yared Polanco Rodriguez is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on July 31, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge